IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSE SOLIDAD CHAVEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 318-087 |
| | ) | |
| WARDEN VANCE LAUGHLIN, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a state inmate at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing any respondent to file a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed *in forma pauperis* ("IFP") be **DENIED** as **MOOT**, (doc. no. 6), and the petition be **DISMISSED** for lack of jurisdiction.

**I.     BACKGROUND**

Petitioner reports he is currently serving a sentence imposed by the Superior Court of Hall County, Georgia, on August 24, 2001. (Doc. no. 1.) Although Petitioner does not disclose his crimes of conviction or length of sentence, the Georgia Department of Corrections reports Petitioner is serving a sentence that started on October 30, 2001, for three counts of aggravated child molestation and one count of child molestation with a maximum

possible release date of February 15, 2041.[1]   Petitioner challenges an Immigration and

Customs Enforcement ("ICE") detainer lodged against him on August 9, 2016.  (Id. at 4, 6.)

Petitioner contends his Due Process rights under the Fourteenth Amendment have been

violated because he is being held by the State without parole due to the ICE detainer placed

on him in 2016.  (Id. at 6.)  Petitioner requests "immediate deportation proceedings."  (Id. at

8.)

## II.    DISCUSSION

The Court does not have jurisdiction under § 2241 to hear Petitioner's challenge

regarding his immigration detainer.   Despite his ICE detainer, Petitioner remains in the

custody of the Georgia Department of Corrections at WCF.  (See id. at 1.)  Because a writ of

habeas corpus grants relief from unlawful custody, see 28 U.S.C. §2241(c), jurisdiction does

not lie where the authority against whom relief is sought does not have custody of the

petitioner.   See Orozco v. United States INS, 911 F.2d 539, 541 (11th Cir. 1990) (*per

curiam*) ("[A]bsent custody by the authority against whom relief is sought, jurisdiction will

not lie to grant the writ [of habeas corpus]."), *superseded by statute on other grounds as

explained*, Themeus v. United States Dep't of Justice, 643 F. App'x 830, 832 (11th Cir.

2016) (*per curiam*). Because Petitioner challenges the detainer lodged against him by ICE,

the Court only has jurisdiction if Petitioner is in the custody of ICE.  He is not.

The mere lodging of an ICE detainer does not by itself cause a petitioner to come

within ICE's custody for purposes of § 2241.  Orozco, 911 F.2d at 541; Louis v. Sec'y, Fla.

Dep't of Corr., 524 F. App'x 583, 583-84 (11th Cir. 2013) (*per curiam*); Roberts v. INS, 372

---

[1]Georgia Department of Corrections, available at http://www.dcor.state.ga.us/ (follow "Find an Offender" hyperlink; then "Search by ID or Case Number"; then "GDC ID Number 1092761," last visited Dec. 19, 2018).

F. App'x 921, 924 (11th Cir. 2010) (*per curiam*).  Petitioner is currently serving his state sentence and thus is not being held pursuant to an immigration detainer and is not in ICE's custody.  Because the relief requested in the instant petition cannot be granted by the state officials who have custody of Petitioner while he serves his state sentence, jurisdiction under § 2241 is lacking and the petition must be dismissed.  Orozco, 911 F.2d at 541; Roberts, 372 F. App'x at 924; Louis, 524 F. App'x at 583-84 (11th Cir. 2013).

## III.    CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed in forma pauperis ("IFP") be **DENIED** as **MOOT**, (doc. no. 6), and that the petition be **DISMISSED** for lack of jurisdiction.

SO REPORTED and RECOMMENDED this 21st day of December, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA